Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TELEBRANDS CORP., | **22-cv-00904-LGS** |
| *Plaintiff* | |
| v. | [~~PROPOSED~~] |
| | **PRELIMINARY** |
| SHENZHEN YITAI TECHNOLOGY CO., LTD. | **INJUNCTION ORDER** |
| d/b/a KESIDA d/b/a yitai-us, | |
| *Defendant* | |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands, Corp. |
| **Defendant** | Shenzhen Yitai Technology Co., Ltd. d/b/a Kesida d/b/a yitai-us |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendant, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **Complaint** | Plaintiff's Complaint, filed on February 2, 2022 |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendant's Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service; and 5) an order authorizing expedited discovery |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Authentic Ruby Sliders Product(s)** | Plaintiff's furniture leg cover that easily fits snuggly over virtually any size furniture leg and allows users to easily move furniture over floors to prevent scratching, which features an ultra-tight, nano-weave material attached to a plastic housing with industrial-strength adhesive |
| **Ruby Sliders Application** | U.S. Trademark Application No. 90/879,340 for the trade dress, depicted as , for goods in Class 20 |

| Term | Definition |
| --- | --- |
| **Ruby Sliders Trade Dress** | The trade dress covered by the Ruby Sliders Application, depicted as  and defined as "a red pad on a furniture slider that contrasts with the upper portion of the furniture slider" for goods in Class 20 |
| **Plaintiff's Website** | Plaintiff's fully interactive website located at www.rubysliders.com |
| **Plaintiff's Storefront** | Plaintiff's storefront on Amazon through which it sells the Authentic Rudy Sliders Product |
| **Infringing Products** | Defendant's products advertised, offered for sale and/or sold by Defendant via, at a minimum, Defendant's Merchant Storefront (as defined *infra*) on Amazon, which bear, use and/or are offered for sale and/or sold in connection with the Ruby Sliders Trade Dress and/or which bear, use and/or are offered for sale and/or sold in connection with marks and/or artwork that are confusingly similar to the Ruby Sliders Trade Dress and/or which are identical or confusingly similar to the Authentic Ruby Sliders Product |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendant, and/or its officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefront(s)** | Any and all User Accounts, including, without limitation, on Amazon, through which Defendant, and/or its officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them |

| Term | Definition |
|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Amazon, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products, which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff moved *ex parte* on February 7, 2022 against Defendant for the following: 1) a temporary restraining order; 2) an order restraining Defendant's Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, on February 8, 2022, the Court entered an Order ("TRO") granting Plaintiff's Application and scheduled a telephonic show cause hearing on Plaintiff's Application for a Preliminary Injunction Order for February 23, 2022 at 4:10 p.m. ("PI Show Cause Hearing") (*see Docket Entry No. 16*);

WHEREAS, on February 11, 2022, pursuant to the alternative methods of service authorized by the TRO (namely, by sending an email containing both PDF copies and a secure link containing the below mentioned documents to Defendant through a program called Rmail, which provides Plaintiff with a receipt indicating whether the email sent was successfully delivered to the specified email addresses), Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on Defendant via its email address on file with Amazon: amzyitaikeji@163.com (*see Docket Entry No. 17*); and

WHEREAS, on February 23, 2022 at 4:10 p.m., the PI Show Cause Hearing took place.

## <u>ORDER</u>

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

1

i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

ii. directly or indirectly infringing in any manner Plaintiff's Ruby Sliders Trade Dress;

iii. using Plaintiff's Ruby Sliders Trade Dress or any other marks that are confusingly similar thereto on or in connection with Defendant's Merchant Storefronts and/or Defendant's importation, exportation, advertising, marketing, promoting, distribution, display, offering for sale, sale and/or otherwise dealing in Infringing Products;

iv. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant, Merchant Storefront owned or operated by Defendant, services provided by Defendant, and Defendant's commercial activities by Plaintiff;

v. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or

2

evidence relating to Defendant's Merchant Storefronts and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

vi. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

vii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi) above and 1(b)(i) through 1(b)(ii) below.

b) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendant's User Accounts and Merchant Storefronts;

ii. providing services to Defendant, including, without limitation, those relating to the continued operation of Defendant's User Accounts and Merchant Storefronts, and the shipment of Defendant's Infringing Products; and

iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi) and 1(b)(i) through 1(b)(ii) above.

2. As sufficient cause has been shown, the expedited discovery previously granted in the TRO

3

shall remain in place through the pendency of this litigation, including that:

a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendant shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

3. Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's User Accounts and Defendant's Merchant Storefronts, including, but not limited to, documents and records relating to:

a) any and all User Accounts and Defendant's Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendant's Merchant Storefronts that Defendant has ever had and/or currently maintains with the Third Party Service Providers;

b) the identities, location and contact information, including any and all e-mail addresses of Defendant; and

c) Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products, or any other products bearing the Ruby Sliders Trade Dress and/or marks and/or artwork that are confusingly similar to, identical to and/or constitute an infringement of the

4

Ruby Sliders Trade Dress.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendant if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download a PDF copy of this Order, to Defendant's e-mail address: amzyitaikeji@163.com.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendant and Third Party Service Providers through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers if it is completed by the following means:

   a) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order, and (iii) a link to a secure website where Amazon will be able to download a PDF copy of this Order via electronic mail to Deana Ahn counsel for Amazon, at deanaahn@dwt.com.

7. Defendant is hereby given notice that it may be deemed to have actual notice of the terms of this Order and any act by in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Defendant may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

Dated:  February 23, 2022
          New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6