

**Epstein Drangel LLP**

60 East 42nd Street, Suite 2520, New York, NY 10165

T: 212.292.5390 • E: mail@ipcounselors.com

www.ipcounselors.com

April 20, 2022

**VIA ECF**
Hon. Lorna G. Schofield
Thurgood Marshall
United States Courthouse, Courtroom 1106
40 Foley Square
New York, NY 10007-1312

> Application **GRANTED**. For substantially the reasons identified below, Plaintiff's application to effect electronic service is granted. Defendants' time to oppose Plaintiff's motion for default judgment is extended to **April 27, 2022**. The show cause hearing scheduled for April 27, 2022, is **ADJOURNED** to **May 4, 2022, at 4:30 p.m.** The parties shall appear at conference line 888-363-4749, access code 558-3333. (*See* Dkt. No. 26.)
>
> Dated:  April 21, 2022
>           New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   *Telebrands Corp. v. Shenzhen Yitai Technology Co., Ltd.*, Civil Case No. 22-cv 00904 **(LTS)**
      **Status Update Regarding Service & Request for Adjournment of Conference**

Dear Judge Schofield,

We represent Plaintiff Telebrands Corp. ("Plaintiff") in the above-referenced matter (the "Action"), and are writing to provide a status update regarding service of Your Honor's Order dated March 28, 2022 (the "3/28 Order") and Plaintiff's Default Papers (as defined herein), and to request an adjournment of the telephonic conference currently scheduled for April 27, 2022, to May 4, 2022, or whenever best suits the Court.

In Your Honor's 3/28 Order, Your Honor ordered that Plaintiff shall provide, by Federal Express or other overnight delivery, Defendant with a copy of the 3/28 Order, and any materials filed in support of its application for a default judgment against Defendant ("Plaintiff's Default Papers"). *Docket Entry No. 26*. On April 13, 2022, Plaintiff filed an Affidavit of Service wherein it indicated that it served the 3/28 Order, and Plaintiff's Default Papers on Defendant via the electronic methods set forth in the Preliminary Injunction Order (*Docket Entry No. 19*, "PI Order"), and sent the same via UPS and Fed Ex, using the most expedited method available, to both of Defendant's addresses that Plaintiff had located. *Docket Entry No. 30*. More specifically, Plaintiff sent the 3/28 Order and Plaintiff's Default Papers via UPS (UPS Tracking No. 1Z6Z12TV0420025616) to Defendant at 3011Q, Bldg. A, Xinghe Shiji, No. 3069, Caitian Rd., Futian St., Futian Dist., Shenzhen CHINA 518000, which is Defendant's address listed on U.S. Patent and Trademark Office records. Plaintiff has continuously tracked the foregoing package, and recently received correspondence from UPS indicating that: "[t]he street number is incorrect. This may delay delivery. We're attempting to update the address". Plaintiff has confirmed that the address entered is in fact what is listed in the United States Patent and Trademark Office records. As of today, when the package is tracked on ups.com, it denotes as follows:

Hon. Lorna G. Schofield
April 20, 2022
Page 2



    The second package, sent to Defendant via Fed Ex (Fed Ex Tracking No. 776497898443) at Ronghua Tianfu Neighborhood Committee No. 2-6, Jute Street, Rongcheng District, Jieyang, Guangdong Province, CHINA 522000 (Defendant's address identified on records produced by Amazon.com) has likewise still not been delivered. Given the delay, Plaintiff's counsel called Fed Ex, which advised that there are across the board delivery issues at the destination facility, which Plaintiff's counsel believes may be due to the difficulties presented by lockdowns and/or restrictions in that region due to the ongoing pandemic. Thereafter, Fed Ex advised that it requires a telephone number for Defendant, which Plaintiff does not have, given that a telephone number was not identified on any records produced by Amazon.com nor was one otherwise available on Defendant's storefront or on the records on file with the United States Patent and Trademark Office. As of today, when the tracking number is entered on fedex.com, it denotes as follows:



Hon. Lorna G. Schofield
April 20, 2022
Page 3

For the foregoing reasons, as well as those previously set forth on the record, Plaintiff respectfully submits that service on Defendant via electronic means is the most reliable method to serve Defendant. To the extent that the Court desires Plaintiff to serve Defendant via another method, Plaintiff proposes to attempt service on Defendant's trademark attorney, as listed on United States Patent and Trademark Office records (Wei Gu, Tianyu Law Group, Inc., 9660 Flair Drive, Suite 328, El Monte, California 91731, davidgu@tylawgp.com), via Fed Ex and email.

Given the above, coupled with the fact that Plaintiff's counsel has a conflict, Plaintiff respectfully submits that there is just cause for an adjournment of the show cause hearing scheduled for April 27, 2022, at 4:10 p.m. to May 4, 2022, or another date that is convenient for the Court. This is Plaintiff's first request for an adjournment. The Court previously adjourned said conference *sua sponte* from its initial date of April 20, 2022.[1]

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: S/ Kerry B. Brownlee
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

---

[1] On April 14, 2022, Plaintiff served Defendant with Your Honor's Order adjourning the order to show cause hearing to April 27, 2022 via the electronic methods set forth in the PI Order.