Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TELEBRANDS CORP.,<br><br>*Plaintiff*<br><br>v.<br><br>SHENZHEN YITAI TECHNOLOGY CO., LTD. d/b/a KESIDA d/b/a yitai-us,<br><br>*Defendant* | **CIVIL ACTION NO. 22-cv-00904 -LGS** AMENDED [PROPOSED] **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. | N/A |
| **Defendant** | Shenzhen Yitai Technology Co., Ltd. d/b/a Kesida d/b/a yitai-us | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendant, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **Complaint** | Plaintiff's Complaint filed on February 2, 2022 | Dkt. 1 |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendant's Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service; and 5) an order authorizing expedited discovery, filed on February 7, 2022 | Dkts. 9-13 |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application | Dkt. 11 |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application | Dkt. 12 |

i

| Term | Definition | Docket Entry Number |
|---|---|---|
| **TRO** | Temporary Restraining Order entered on February 8, 2022 | Dkt. 16 |
| **PI Show Cause Hearing** | February 23, 2022 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | February 23, 2022 Preliminary Injunction Order, which was docketed on February 24, 2022 | Dkt. 19 |
| **Authentic Ruby Sliders Product** | Plaintiff's furniture leg cover that easily fits snuggly over virtually any size furniture leg and allows users to easily move furniture over floors to prevent scratching, which features an ultra-tight, nano-weave material attached to a plastic housing with industrial-strength adhesive | N/A |
| **Ruby Sliders Application** | U.S. Trademark Application No. 90/879,340 for the trade dress, depicted as ⬬, for goods in Class 20 | N/A |
| **Ruby Sliders Trade Dress** | The trade dress covered by the Ruby Sliders Application, depicted as ⬬ and defined as "a red pad on a furniture slider that contrasts with the upper portion of the furniture slider" for goods in Class 20 | N/A |
| **Plaintiff's Website** | Plaintiff's fully interactive website located at www.rubysliders.com | N/A |
| **Plaintiff's Storefront** | Plaintiff's storefront on Amazon through which it sells the Authentic Rudy Sliders Product | N/A |

| **Term** | **Definition** | **Docket Entry Number** |
|---|---|---|
| **Infringing Products** | Defendant's products advertised, offered for sale and/or sold by Defendant via, at a minimum, Defendant's Merchant Storefront (as defined *infra*) on Amazon, which bear, use and/or are offered for sale and/or sold in connection with the Ruby Sliders Trade Dress and/or which bear, use and/or are offered for sale and/or sold in connection with marks and/or artwork that are confusingly similar to the Ruby Sliders Trade Dress and/or which are identical or confusingly similar to the Authentic Ruby Sliders Product | N/A |
| **Infringing Trade Dress** | The Ruby Sliders Trade Dress, or designations that are identical to, substantially indistinguishable from, or confusingly similar to the Ruby Sliders Trade Dress, used by Defendant on or in connection with the advertisement, marketing, promotion, offering for sale and/or sale of Infringing Products | N/A |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendant, and/or its officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

| **Term** | **Definition** | **Docket Entry Number** |
|---|---|---|
| **Merchant Storefront(s)** | Any and all User Accounts, including, without limitation, on Amazon, through which Defendant, and/or its officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Amazon, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products, which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Application for Default Judgment** | Plaintiff's Application for Default Judgment and a Permanent Injunction Against Defendant filed on April 5, 2022 | TBD |
| **Brownlee Aff.** | Affidavit of Kerry B. Brownlee in Support of Plaintiff's Application for Default Judgment | TBD |

This matter comes before the Court pursuant to the Court's Order to Show Cause, dated March 28, 2022, and Plaintiff's request for the entry of a final judgment and permanent injunction by default against Defendant in light of its willful trade dress infringement and unfair competition arising out of Defendant's unauthorized and prominent use of the Infringing Trade Dress on Defendant's Merchant Storefront on Amazon and/or on or in connection with its advertisement, marketing, promotion, offering for sale and/or sale of Infringing Products.

The Court, having considered Plaintiff's Memorandum of Law and the Affidavit of Kerry B. Brownlee in support of Plaintiff's Application for Default Judgment and a Permanent Injunction Against Defendant, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. **Defendant's Liability**

~~1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defendant in the Complaint.~~ The Complaint asserts a trade dress infringement claim and an unfair competition claim under the Lanham Act, 11 U.S.C. § 1125(a). The Complaint sufficiently pleads both claims to establish liability as a matter of law. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law."). The Complaint adequately alleges that the Ruby Sliders trade dress is non-functional, 15 U.S.C. § 1125(a)(3), and that there is a high likelihood of confusion with Defendant's product, which appears virtually identical to Plaintiff's product, except that Defendant's product is of a lower quality. *See Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84-85 (2d Cir. 2020) (apply *Polaroid* factors).

## II. **Damages Award**

~~1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the damages award requested in its Memorandum of Law in Support of its Application for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is hereby awarded Defendant's gross revenues as Defendant's profits pursuant to 15 U.S.C. § 1117(a) of the Lanham Act, in the total amount of $114,221.29 USD, plus post-judgment interest.~~

An order of reference to Magistrate Judge Cott for a damages inquest has issued separately.

### III.     Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendant, its officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defendant (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

   B. directly or indirectly infringing in any manner Plaintiff's Ruby Sliders Trade Dress;

   C. using Plaintiff's Ruby Sliders Trade Dress, or any other marks that are confusingly similar thereto on or in connection with Defendant's Merchant Storefronts and/or Defendant's importation, exportation, advertising, marketing, promoting, distribution, display, offering for sale, sale and/or otherwise dealing in Infringing Products;

   D. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant, Merchant Storefront owned or operated by Defendant, services provided by Defendant, and Defendant's commercial activities by Plaintiff;

   E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files,

      data, business records, documents or any other records or evidence relating to Defendant's Merchant Storefronts and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products; and

  F. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant must deliver up for destruction to Plaintiff any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendant that infringe the Plaintiff's Ruby Sliders Trade Dress, or bear any marks that are confusingly similar to the Ruby Sliders Trade Dress pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

  A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendant's User Accounts and Merchant Storefronts;

  B. providing services to Defendant, including, without limitation, those relating to the continued operation of Defendant's User Accounts and Merchant Storefronts, and the shipment of Defendant's Infringing Products; and

    C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(F), and III(3)(A) through III(3)(B) above.

## IV. Additional Equitable Relief

1) IT IS FURTHER ORDERED that, upon Plaintiff's request, Third Party Service Providers on or through which Defendant has listed the Infringing Products shall permanently remove all such listings, and the images associated therewith, and disable any product identification numbers or ASIN(s) related to the same.

2) IT IS FURTHER ORDERED that, upon Plaintiff's request, any Third Party Service Providers in the possession, custody or control of any of Defendant's Infringing Products shall deliver up for destruction to Plaintiff any and all such Infringing Products.

## V. Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## VI. Miscellaneous Relief

1) Any failure by Defendant to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

Dated:  May 16, 2022
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**