USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/16/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TELEBRANDS CORP.,                               :
                                                :
                                                :
                              Plaintiff,         :         **ORDER**
                                                :
               -v-                              :         22-CV-904 (LGS) (JLC)
                                                :
SHENZHEN YITAI TECHNOLOGY CO., LTD.,            :
                                                :
                                                :
                              Defendant.         :
------------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Upon the default of defendant Shenzhen Yitai Technology Co., Ltd. ("SYT"), this case was referred to me by Judge Schofield for purposes of conducting an inquest and issuing a report and recommendation concerning the amount of damages that should be awarded to plaintiff Telebrands Corp. ("Telebrands"). Dkt. No. 35. As explained below, Telebrands is directed to supplement its inquest submissions by providing certain admissible evidence in support of its requested damages award.

Specifically, the Court requires a declaration or sworn affidavit from an individual who has personal knowledge of the veracity of the workbook attached to the Affidavit of Kerry B. Brownlee in Support of Plaintiff's Application for Default Judgment ("Brownlee Aff."), Dkt. No. 28 Ex. E, "indicat[ing] that Defendant sold 4,412 units of the Infringing Products . . . totaling $114,221.29 USD in sales." Without sworn testimony from someone with personal knowledge attesting to the

1

veracity of the figures in the workbook, the figures are hearsay, and as such may not be relied upon by a court to calculate damages.  *See, e.g., Samsonite IP Holdings S.ar.l. v. Shenzhen Liangyiyou E-Com. Co.*, No. 19-CV-02564 (PGG) (DF), 2021 WL 9036273, at \*12 (S.D.N.Y. Apr. 27, 2021) (spreadsheet of defendant's Amazon's sales sufficient when accompanied by declaration from corporate counsel of Amazon); *Lewis Fam. Grp. Fund LP v. JS Barkats PLLC*, No. 16-CV-5255 (AJN) (JLC), 2021 WL 1203383, at \*4 (S.D.N.Y. Mar. 31, 2021) ("A plaintiff must . . . substantiate his claim for damages with admissible evidence to prove the extent of those damages."); *see also Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4 (2d Cir. 1970) ("[T]he evidentiary material offered in support of a final judgment should consist of material within the personal knowledge of the affiant and not hearsay, and attached exhibits should be accompanied by sworn statements of the circumstances that would qualify them as full exhibits.").

Accordingly, Telebrands shall submit, **no later than November 23, 2022,** supplemental documentation sufficient to support its claim that defendant's sales from the infringing products totaled $114,221.29.

**SO ORDERED.**

Dated: November 16, 2022
New York, New York

JAMES L. COTT
United States Magistrate Judge